# UNITED STATES DISTRICT COURT

for the

## Eastern District of Kentucky
## Covington Division

| | | |
|---|---|---|
| Joshua Greear | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.   3:15-cv-403-GNS |
| | ) | |
| Equifax Information Services, LLC | ) | |
|     *Defendant* | ) | |
|     Serve: | ) | |
|         CSC-Lawyers Inc. Service Co. | ) | |
|         421 West Main St. | ) | |
|         Frankfort, KY 40601-1550 | ) | |
| | ) | |
| Experian Information Solutions, Inc. | ) | |
|     *Defendant* | ) | |
|     Serve: | ) | |
|         C T Corporation System | ) | |
|         306 W Main Street | ) | |
|         Suite 512 | ) | |
|         Frankfort, KY 40601 | ) | |
| | ) | |
| Trans Union, LLC | ) | |
|     *Defendant* | ) | |
|     Serve: | ) | |
|         The Prentice Hall Corp. System | ) | |
|         421 West Main Street | ) | |
|         Frankfort, KY 40601 | ) | |
| | ) | |
| Navient Solutions, Inc. | ) | |
|     *Defendant* | ) | |
|     Serve: | ) | |
|         CSC-Lawyers Inc. Service Co. | ) | |
|         421 West Main St. | ) | |
|         Frankfort, KY 40601-1550 | ) | |
| | ) | |
| Primary Financial Services, LLC | ) | |
|     *Defendant* | ) | |
|     Serve: | ) | |
|         Primary Financial Services, LLC | ) | |
|         3141 N. 3rd Avenue | ) | |
|         Phoenix, AZ 85013 | ) | |

## <u>COMPLAINT and DEMAND FOR JURY TRIAL</u>

### <u>Introduction</u>

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.      Defendant Navient Solutions, Inc. d/b/a Sallie Mae assigned Plaintiff Joshua Greear's student loan debt to Defendant Primary Financial Services, LLC ("Primary Financial") for collection. Primary Financial sent Mr. Greear an offer to settle the debt in full for $17,000.00. Mr. Greear accepted the offer and paid the settlement in full.

3.      Part of Mr. Greear's motivation in settling his student-loan debt was to improve his credit rating and score so that he and his wife could qualify for a home loan. Mr. Greear recently applied for a home loan and, to his chagrin, Mr. Greear discovered that Navient was still reporting negative credit information concerning the student-loan debt he settled with Navient through Primary Financial.

4.      In an attempt to correct the error, Mr. Greear sent dispute letters to all three Defendant consumer reporting agencies, Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Trans Union, LLC ("Trans Union") (collectively "CRA's"). Mr. Greear's dispute letters included Primary Financial's settlement offer and proof of payment by wire transfer. The CRA's each forwarded a copy of Mr. Greear's dispute to Navient, which erroneously confirmed that the negative information it was furnishing concerning Mr. Greear was in fact correct. Further, none of the CRA's independently corrected the erroneous information despite proof of payment.

5.      These and other acts by Primary violate the FDCPA. These and other acts by Navient violate the FCRA. These and other acts by Equifax, Experian, and Trans Union's violate the CRA's duties under the FCRA to maintain the maximum possible accuracy of Mr. Greear's consumer credit report.

### <u>Jurisdiction and Venue</u>

6.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Kenton County, Ky., which is located within this District.

### PARTIES

7.      Plaintiff Joshua Greear is a natural person who resides in Kenton County, Ky.  Mr. Greear is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

8.    Defendant Primary Financial Services, LLC is a third-party debt collector, whose principal office is located at 3141 N. 3rd Avenue, Suite C1, Phoenix, AZ 85013.

9.    Primary Financial regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

10.    Defendant Equifax Information Services, LLC is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

11.    Defendant Experian Information Solutions, Inc. is a foreign corporation, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Experian has registered to do business with Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

12.    Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

13.    For the last few years, Mr. Greear and his wife have attempted to qualify for a home loan.

14.    In order to improve his chances of qualifying for a loan, Mr. Greear has been diligently working on improving his credit and raising his credit score.

15.    On May 30, 2014, Primary Financial—while acting on Sallie Mae/Navient's behalf—sent Mr. Greear a dunning letter that advised him that his student loans with Sallie Mae had been placed with Primary Financial for collection.

16.    Mr. Greear used his student loans to further his education, which is a personal, family, or household purpose within the meaning of the FDCPA. Consequently, the Sallie Mae/Navient student loans are "debts" within the meaning of the FDCPA.

17.    Upon information and belief, Mr. Greear's student loans were in default when Primary Financial was assigned the debts for collection.

18.    Upon information and belief, Mr. Greear's student loans were in default when Sallie Mae/Navient acquired the loans.

19.    Primary Financial's May 30th dunning letter advised Mr. Greear that $51,433.20 was the current balance due on the student loan debt.

20.     Primary Financial's May 30th dunning letter also advised Mr. Greear that he was eligible for a reduced-interest-rate program from Sallie Mae.

21.     The only requirement for the program was making timely payments of $394.00 per month.

22.     Mr. Greear began making the required payments.

23.     But Primary Financial's May 30th dunning letter, included the following provision:

Please note: Sallie Mae also advised us that they will report a special comment code to the credit bureaus indicating that the borrower is "paying on a modified or partial agreement" while in repayment. The borrower's credit bureau will still report to the loan(s) as "charged-off". Only the special comment section will be adjusted. All borrowers associated with the loan(s) (primary and co-borrower) will receive the special comment code.

24.     The above provision somewhat limits the student loan payments' positive impact on Mr.  Greear's credit report and score.

25.     On August 12, 2014, Primary Financial sent Mr. Greear an offer to settle his debt with Sallie Mae for a total of $17,000.00.

26.     Primary Financial's August 12th settlement letter provided in pertinent part:

Your creditor has authorized Primary Financial Services, L.L.C. to offer you an opportunity to settle the above-referenced account. **Upon clearance through the banking system of the settlement amount indicated below, your account will be considered settled for less than the full balance owed.** Payment of the total settlement amount must be received by our office no later than the close of business on the due date indicated below. If payment is not received by the due date indicated, this offer will expire.

Bolding added.

27.     Mr. Greear through sacrifice and effort managed to gather together $17,000.00 in a lump sum.

28.     Mr. Greear accepted Primary Financial's settlement offer by paying the $17,000.00 through wire transfer on August 25, 2014.

29.     Primary Financial received and collected the $17,000.00 from Mr. Greear on behalf of Navient.

30.     In 2015, Mr. Greear applied for prequalification for a home loan.

31.     Mr. Greear's applications were denied.

32.     After his applications were denied, Mr. Greear reviewed his tri-merged consumer credit report.

33.     Much to his dismay, Mr. Greear discovered that Navient was still furnishing negative credit information in connection with the student loan debt that he had paid off in settlement to Primary Financial.

34.     In particular, Navient was falsely reporting that his student loans were in collection, had been charged off as bad debts, and were still due and owing.

35.     Navient furnished negative credit information concerning Mr. Greear and the Navient student loan debts to one or more consumer reporting agencies for purposes of collecting a debt from him. ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'" *Sullivan v. Equifax, Inc*., CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002)).

36.     In order to correct the erroneous information, Mr. Greear sent dispute letters to the three CRA's.

37.     Mr. Greear included copies of Primary Financial's settlement offer *and* proof of payment of the loans in his dispute letters.

38.     Upon information and belief, Equifax, Experian and/or Trans Union notified Navient concerning Mr. Greear's dispute, which triggered Navient's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

39.     After receiving Mr. Greear's dispute, Equifax, Experian, and Trans Union continued to report derogatory information concerning the Navient student loans on Mr. Greear's consumer credit report.

40.     Upon information and belief, Navient failed to conduct a reasonable investigation into Mr. Greear's dispute concerning the negative credit information Navient is furnishing to one or more consumer reporting agencies concerning the Navient student loans.

41.     Upon information and belief, Navient falsely verified the accuracy of the negative credit information it furnished concerning the Navient student loans to one or more consumer reporting agencies.

42.     Upon information and belief, Equifax, Experian, and Trans Union failed to conduct a reasonable investigation of Mr. Greear's dispute concerning the negative credit information furnished by Navient in connection with Mr. Greear and the Navient student loans.

43.     Navient's and the CRA's failure to correct and update Mr. Greear's consumer credit report has adversely affected Mr. Greear by allowing false, negative credit information to appear on his consumer credit report, which negatively impacts Mr. Greear's creditworthiness and credit score.

## CLAIMS FOR RELIEF

### I.    Violations of the Fair Debt Collection Practices Act

44.     The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

#### A.    Claims against Primary Financial, LLC

45.     Primary Financial falsely solicited and collected a settlement on behalf of Navient, which constitutes multiple violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692e, §1692f, and one or more subsections of each statute.

#### B.    Claims against Navient Solutions, Inc.

46.     Navient furnished false credit information concerning Mr. Greear's student loan debts to one or more consumer reporting agencies and/or attempted to collect the student loan debts from him *after* the debts were settled by and through payment of the $17,000.00 to Primary Financial, which constitutes multiple violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692e, §1692f, and one or more subsections of each statute

### II.    Violations of the Fair Credit Reporting Act

#### A.    Claims against Navient Solutions, Inc.

47.     The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

48.     The foregoing acts and omissions of Navient constitute violations of the FCRA, including, but not limited to:

##### i.    Violation of 15 U.S.C. § 1681n

49.     After being informed by one or more consumer reporting agencies that Mr. Greear disputed the accuracy of the information it was providing concerning Mr. Greear's student loans, Navient willfully failed to conduct a proper investigation of the Mr. Greear's disputes, filed with Equifax, Experian, and Trans Union, that Navient was furnishing negative credit information about Mr. Greear's student loans, which had been satisfied under the terms of the Primary Financial settlement offer.

50.     Navient willfully failed to review all relevant information purportedly provided by such consumer reporting agencies to Navient in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

51.     Navient willfully failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Greear pertaining to the Navient student loans as required by 15 U.S.C. § 1681s-2(b)(C).

52.     Mr. Greear has a private right of action to assert claims against Navient arising under 15 U.S.C. § 1681s-2(b).

53.     Navient is liable to Mr. Greear for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### ii.     Violation of 15 U.S.C. § 1681o

54.     After being informed by one or more consumer reporting agencies that Mr. Greear disputed the accuracy of the information it was providing concerning Mr. Greear's student loans, Navient negligently failed to conduct a proper investigation of the Mr. Greear's dispute, filed with Equifax, Experian, and Trans Union, that Navient was furnishing negative credit information about Mr. Greear's student loans, which had been satisfied under the terms of the Primary Financial settlement offer.

55.     Navient negligently failed to review all relevant information purportedly provided by such consumer reporting agencies to Navient in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

56.     Navient negligently failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Greear pertaining to the Navient student loans as required by 15 U.S.C. § 1681s-2(b)(C).

57.     Mr. Greear has a private right of action to assert claims against Navient arising under 15 U.S.C. § 1681s-2(b).

58.     Navient is liable to Mr. Greear for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

**B.     Claims against Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC**

**i.     Failure to Reinvestigate the Navient Student Loan Debts in Violation of 15 U.S.C. 1681i(a)**

59.     The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

60.     Equifax, Experian, and Trans Union failed to properly reinvestigate Mr. Greear's disputes and Defendant continued to prepare and publish false consumer reports.

61.     Equifax, Experian, and Trans Union failed to use reasonable procedures to reinvestigate Mr. Greear's dispute and, likewise, took inadequate action to correct plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

62.     Equifax, Experian, and Trans Union failed to take necessary and reasonable steps to prevent further inaccuracies from entering Mr. Greear's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Equifax, Experian, and Trans Union and relayed for further use, reliance and publication by their subscribers.

63.     Equifax, Experian, and Trans Union failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Mr. Greear's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

64.     Equifax, Experian, and Trans Union willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i(a).

65.     As a result of Equifax, Experian, and Trans Union's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Mr. Greear is entitled to actual, statutory, punitive damages, and his reasonable attorney's fees and costs under 15 U.S.C. § 1681n(a).

66.     As a result of Equifax, Experian, and Trans Union's negligent noncompliance with the requirements of 15 U.S.C. § 1681e(b), Mr. Greear is entitled to actual damages and his reasonable attorney's fees and costs under 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joshua Greear requests that the Court grant him the following relief:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff maximum statutory damages against each Defendant;

3.      Award Plaintiff punitive damages against Navient, Equifax, Experian, and Trans Union;

4.      Award Plaintiff reasonable attorney's fees and costs; and

5.      Such other relief as may be just and proper.


Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com